**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MARY VANDER HEIDEN,

Plaintiff,

v.

UCF ATHLETICS ASSOCIATION, INC. and
UNIVERSITY OF CENTRAL FLORIDA
BOARD OF TRUSTEES,

Defendants.
_______________________________________/

Case No.:

**Jury Trial Demanded**

## COMPLAINT

PLAINTIFF MARY VANDER HEIDEN was the Associate Director for Sports Medicine and the Head Football Trainer at the University of Central Florida when DEFENDANTS UCF Athletics Association, Inc. and the University of Florida Board of Trustees fired her following her complaints of gender based discrimination on behalf of a female collegiate athlete and then paid her male replacement more money for doing less work.

## PRELIMINARY STATEMENT

1. Plaintiff Mary Vander Heiden worked at the University of Central Florida for approximately twenty-five years, most recently as Associate Athletics Director for Sports Medicine and Head Football Athletic Trainer.

2. Ms. Vander Heiden had a history of outstanding work performance.

3. In February 2024, Ms. Vander Heiden reported that two male coaches had sexually harassed a female collegiate-athlete and that nothing was being done about it.

4. Her supervisor admonished her for being involved, told her to stay out of it, and fired her eleven weeks later.

5. Defendants paid her male replacement more money even though he performed less work.

6. Ms. Vander Heiden brings this action under the Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("EPA"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. ("Title IX").

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

8. Venue is proper in this District and Division under 28 U.S.C. § 1391(b) as both Defendants are located in Orange County, Florida, and the events giving rise to these claims occurred there.

## PARTIES

9. At all relevant times, Plaintiff Mary Vander Heiden was a resident of Seminole County, Florida.

10. Plaintiff is a woman.

11. Defendant UCF Athletics Association, Inc. ("UCFAA") is a Florida non-profit direct support organization ("DSO") organized under Section 1004.28, Florida Statutes.

12. Defendant UCFAA was organized to operate the intercollegiate athletic programs of the University of Central Florida.

13. Defendant UCFAA's principal place of operation is in Orlando, Orange County, Florida.

14. Defendant University of Central Florida Board of Trustees ("UCF") governs the University of Central Florida, a public university in the Florida state university system.

15. Defendant UCF's main campus is in Orlando, Orange County, Florida.

16. Defendant UCF is an educational institution within the meaning of Title IX.

17. At all relevant times, Defendant UCF received federal financial assistance and operated an education program or activity within the meaning of Title IX.

18. At all relevant times, Defendant UCFAA received federal financial assistance and operated an education program or activity within the meaning of Title IX.

19. At all relevant times, Defendant UCFAA was an "employer" within the meaning of Title VII.

20. At all relevant times, Defendant UCFAA was an "employer" within the meaning of the EPA.

21. At all relevant times, Defendant UCF was an "employer" within the meaning of Title VII.

22. At all relevant times, Defendant UCF was an "employer" within the meaning of the EPA.

23. Defendant UCF controls Defendant UCFAA's board of directors and Defendant UCFAA's continued existence.

24. Defendant UCFAA was organized to operate Defendant UCF's intercollegiate athletic programs.

25. Defendant UCFAA's voting board consists of the president of UCF; the chair of the UCF Board of Trustees or a designee; the president of the UCF Alumni Association or a designee; the president of the UCF Golden Knights Club or a designee; two members of the public appointed by UCF's president; and any members of UCF's administration, faculty, or student body appointed by UCF's president.

26. Defendant UCF must approve any amendment to Defendant UCFAA's bylaws.

27. Defendant UCF has sole authority to decertify Defendant UCFAA as a DSO and to dissolve it.

28. If Defendant UCFAA is dissolved, its assets go to the University of Central Florida Foundation, Inc. or as Defendant UCF's president directs.

29. Defendant UCF's director of athletics serves as Defendant UCFAA's executive vice president and manages Defendant UCFAA's day-to-day activities.

30. The director of athletics is hired by Defendant UCF, reports to Defendant UCF, and serves at Defendant UCF's pleasure.

31. Because Defendant UCF's president chooses and directly supervises the director of athletics, Defendant UCF exercises actual control over Defendant UCFAA's day-to-day operations.

32. Defendant UCF controls Defendant UCFAA's budget and finances.

33. Defendant UCF's president, as chair of Defendant UCFAA's board, controls the use of Defendant UCFAA's resources and has line-item authority over its budget.

34. Defendant UCF's president, or a senior UCF officer who reports directly to the president, reviews and approves Defendant UCFAA's quarterly expenditure plans.

35. Defendant UCF has the right to audit Defendant UCFAA's books and records.

36. Defendant UCF's Chief Financial Officer chairs Defendant UCFAA's finance committee and serves as Defendant UCFAA's secretary and treasurer.

37. Defendant UCFAA receives most of its funding from Defendant UCF.

38. Defendant UCF limits which revenues may secure debt for Defendant UCFAA.

## FACTUAL BACKGROUND

39. Plaintiff began working at UCF in 1999 as a graduate assistant athletic trainer.

40. After earning her Master's degree at UCF, Plaintiff joined the sports medicine staff full-time in 2001.

41. Plaintiff had worked as Head Football Athletic Trainer from 2007 until her termination.

42. Plaintiff also served as Associate Athletics Director for Sports Medicine at the time of her termination.

43. Plaintiff was the UCF Athletic Health Care Administrator and was registered as such with the NCAA.

44. Plaintiff worked on Defendant UCF's campus in Orlando, Florida.

45. Plaintiff used a UCF email address ending in @athletics.ucf.edu.

46. At the top of Plaintiff's chain of command was Terry Mohajir, Vice President of UCF and Director of Athletics.

47. Mohajir exercised authority over Defendant UCFAA personnel by virtue of his office as a UCF Vice President.

48. Plaintiff's direct supervisor, Dr. Abigail Wilson, was Deputy Athletics Director and Senior Woman Administrator.

49. Dr. Wilson also served as Defendant UCF's Deputy Title IX Coordinator of Athletics, acting as liaison between Defendant UCFAA and Defendant UCF's Office of Institutional Equity ("OIE").

50. Defendant UCF required Plaintiff to follow UCF's rules.

51. Defendant UCF's Nondiscrimination Policy applied to university and DSO employees.

52. Defendant UCF's Nondiscrimination procedures govern complaints against a university or DSO employee.

53. In 2024, Title IX complaints at UCFAA were handled by Defendant UCF's Office of Institutional Equity (OIE).

54. Upon information and belief and subject to discovery, Defendant UCF approved Plaintiff's compensation and benefits, including the salary structure for associate athletics directors.

55. Dr. Wilson made the decision to fire Plaintiff.

56. Before firing Plaintiff, Dr. Wilson consulted Defendant UCF's OIE about Plaintiff's protected activity.

57. Upon information and belief and subject to discovery, UCF Vice President Mohajir approved the termination before it was carried out.

58. Defendant UCF and Defendant UCFAA shared and co-determined the essential terms and conditions of Plaintiff's employment, including hiring, supervision, work rules, discipline, compensation, and termination.

59. Defendant UCF and Defendant UCFAA were Plaintiff's joint employers.

60. In the alternative, Defendant UCF and Defendant UCFAA are so interrelated in operations, management, labor relations, and finances that they are a single integrated employer.

## STATEMENT OF FACTS

61. At the time of her termination, Plaintiff held the titles of Associate Athletics Director for Sports Medicine and Head Football Athletic Trainer.

62. As Associate Athletics Director, Plaintiff headed an entire department.

63. Plaintiff was responsible for hiring, supervision, budgeting, and compliance for a Sports Medicine Team of 17 athletic trainers serving every intercollegiate sport.

64. At the time of her termination and at the same time Plaintiff held the position of Associate Athletics Director, Plaintiff also held the position of Head Football Athletic Trainer.

65. Plaintiff performed her duties in an exemplary manner.

66. In her last annual evaluation, Dr. Wilson rated Plaintiff "Outstanding" overall.

67. As of April 2024, Plaintiff's annual salary was $103,600.

68. On February 27, 2024, Head Softball Coach Cindy Ball-Malone told Plaintiff that a female softball collegiate-athlete had complained about two male coaches.

69. An assistant softball coach had hit on the athlete and told her he loved her.

70. A male strength coach had sent the athlete direct messages, which Coach Ball-Malone saw.

71. At all relevant times, the athlete was a member of Defendant UCF's intercollegiate softball team, which Defendant UCFAA operates for Defendant UCF.

72. Upon information and belief and subject to discovery, the athlete received compensation from Defendant UCF in exchange for her performance on the softball team.

73. Upon information and belief and subject to discovery, the athlete was required to practice, train, condition, travel, and compete on schedules set and enforced by Defendants.

74. Upon information and belief and subject to discovery, Defendants supplied the equipment, facilities, uniforms, coaching, strength and conditioning training, and sports medicine care the athlete used to perform her athletic services.

75. The athlete was subject to team rules, supervision, and discipline imposed by coaches, including the male coaches whose conduct Plaintiff reported.

76. Upon information and belief and subject to discovery, renewal or removal of the athlete depended on her athletic participation and conduct, not her academic performance.

77. Plaintiff told Coach Ball-Malone that both incidents were reportable.

78. Plaintiff went with Coach Ball-Malone to report the incidents to Deputy Athletics Director Chris McFarlane.

79. At the direction of Dr. Adrienne Frame, Defendant UCF's Vice President for Student Success and Well-Being, Plaintiff also called Nancy Meyers for guidance.

80. That same day, Plaintiff reported the harassing behavior to Defendant UCF on Defendant UCF's Title IX reporting form.

81. Defendant UCF's OIE received the report and assigned it a case number.

82. Plaintiff then complained that nothing was being done about the male coaches' conduct toward the athlete.

83. Dr. Wilson admonished Plaintiff for "being involved."

84. Dr. Wilson told Plaintiff to stay out of it and not to go to Dr. Frame for anything in the future.

85. In May 2024, during the hiring for the men's basketball athletic trainer position, Senior Deputy Athletics Director Rich Zvosec rejected a highly qualified female candidate, stating, "I'm not hiring a f --- ing woman."

86. Zvosec ran Defendant UCFAA's internal operations.

87. On May 3, 2024, Plaintiff objected in writing to the proposed hire for the men's basketball athletic trainer position.

88. On May 13, 2024, Dr. Wilson called Plaintiff into a meeting that Plaintiff believed was to discuss the basketball trainer candidates.

89. At that meeting, Dr. Wilson fired Plaintiff.

90. Upon information and belief, Mohajir approved the termination.

91. Before the termination, Plaintiff had not received any discipline, counseling memorandum, or negative evaluation.

92. No reason was given for Plaintiff's termination at the time of termination.

93. After firing Plaintiff, Defendants hired a man to work as Head Football Athletic Trainer.

94. Upon information and belief and subject to discovery, Plaintiff's male replacement as the Head Football Athletic Trainer earned more than Plaintiff had earned for performing both that role and the position of Associate Athletic Director.

95. To perform the duties in the position of Head Football Athletic Trainer, Plaintiff's male replacement required the same skill, effort, and responsibility, under the same working conditions, as the duties Plaintiff performed.

96. Defendant UCFAA did not base the pay difference on a seniority system, merit system, production-based system, or factor other than sex.

97. Defendant UCF did not base the pay difference on a seniority system, merit system, production-based system, or factor other than sex.

98. Upon information and belief, Zvosec participated in setting compensation for athletics staff.

99. Upon information and belief, Defendant UCF had approval over setting compensation for athletic staff by virtue of its financial and other oversight over Defendant UCFAA.

**CONDITIONS PRECEDENT**

100. On March 5, 2025, Plaintiff filed a timely Charge of Discrimination, No. 510-2025-05237, dual-filed with the Florida Commission on Human Relations, alleging sex discrimination, unequal pay, and retaliation.

101. The body of the charge alleged that "UCF paid me less than similarly situated male athletics personnel."

102. The charge alleged that "UCF then terminated me in retaliation."

103. The charge alleged that "UCF did not tell me why I was paid less . . . nor did UCF tell me why they fired me."

104. Defendant UCF's Office of the General Counsel received the charge and defended it.

105. On May 5, 2025, Craig F. Novick, Associate General Counsel of the University of Central Florida, filed the position statement.

106. Defendant UCF therefore had a full opportunity to take part in the EEOC's investigation and proceedings.

107. Defendant UCF had actual notice of the charge, defended it on the merits through its own lawyers.

108. The EEOC's Determination and Notice of Rights was sent to Sara H. Potter, University of Central Florida, and Craig F. Novick, University of Central Florida Board of Trustees.

109. The EEOC issued its Determination and Notice of Rights on August 12, 2026.

110. Plaintiff filed this action within ninety days of receiving the Notice of Rights.

## CLAIMS FOR RELIEF

### COUNT I: EQUAL PAY ACT (WILLFUL VIOLATION) DEFENDANT UCFAA

111. Plaintiff re-alleges and incorporates by reference, paragraphs 1-2, 5-13, 20, 39-43, 48, 61-67, 93-96, and 98.

112. UCFAA paid Plaintiff less than it paid a male employee for equal work on jobs requiring equal skill, effort, and responsibility, performed under similar working conditions in the same establishment, in violation of 29 U.S.C. § 206(d)(1).

113. The pay differential was not based on a seniority system, merit system, production-based system, or factor other than sex.

114. UCFAA's violation was willful because UCFAA knew, or showed reckless disregard for whether, its conduct violated the EPA.

115. As a result, Plaintiff lost wages and benefits.

WHEREFORE, Plaintiff requests judgment against UCFAA for unpaid wages and back pay, an equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees and costs under 29 U.S.C. § 216(b), and any other relief the Court deems just.

**COUNT II: EQUAL PAY ACT (WILLFUL VIOLATION)**
**DEFENDANT UCF**

116. Plaintiff re-alleges and incorporates by reference, paragraphs 1-2, 5-10, 14-15, 22-47, 54, 58-67, 93-95, 97, and 99.

117. UCF paid Plaintiff less than it paid a male employee for equal work on jobs requiring equal skill, effort, and responsibility, performed under similar working conditions in the same establishment, in violation of 29 U.S.C. § 206(d)(1).

118. The pay differential was not based on a seniority system, merit system, production-based system, or factor other than sex.

119. UCF's violation was willful because UCF knew, or showed reckless disregard for whether, its conduct violated the EPA.

120. As a result, Plaintiff lost wages and benefits.

WHEREFORE, Plaintiff requests judgment against UCF for unpaid wages and back pay, an equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees and costs under 29 U.S.C. § 216(b), and any other relief the Court deems just.

**COUNT III: TITLE VII (SEX-BASED PAY DISCRIMINATION)**
**DEFENDANT UCFAA**

121. Plaintiff re-alleges and incorporates by reference, paragraphs 1-2, 5-13, 19, 39-42, 48, 61-67, 93-96, 98, 100 and 109-110.

122. UCFAA paid Plaintiff less than a similarly situated male employee because of her sex, in violation of 42 U.S.C. § 2000e-2(a)(1).

123. As a result, Plaintiff suffered lost wages and benefits, emotional pain and suffering, humiliation, inconvenience, and damage to her reputation.

WHEREFORE, Plaintiff requests judgment against UCFAA for unpaid wages and back pay, compensatory damages, prejudgment and post-judgment interest, reasonable attorneys' fees and costs under 42 U.S.C. § 2000e-5(k), and any other relief the Court deems just.

**COUNT IV: TITLE VII (SEX-BASED PAY DISCRIMINATION)**
**DEFENDANT UCF**

124. Plaintiff re-alleges and incorporates by reference, paragraphs 1-2, 5-10, 14-15, 21, 23-47, 54, 58-67, 93-95, 97, 99, and 100-110.

125. UCF paid Plaintiff less than a similarly situated male employee because of her sex, in violation of 42 U.S.C. § 2000e-2(a)(1).

126. As a result, Plaintiff suffered lost wages and benefits, emotional pain and suffering, humiliation, inconvenience, and damage to her reputation.

WHEREFORE, Plaintiff requests judgment against UCF for unpaid wages and back pay, compensatory damages, prejudgment and post-judgment interest, reasonable attorneys' fees and costs under 42 U.S.C. § 2000e-5(k), and any other relief the Court deems just.

**COUNT V: TITLE VII (RETALIATION)**
**DEFENDANT UCFAA**

127. Plaintiff re-alleges and incorporates by reference, paragraphs 1-4, 6-13, 19, 39-43, 48, 55, 61-70, 77-89, 91-92, 100, and 109-110.

128. Plaintiff engaged in activity protected by 42 U.S.C. § 2000e-3(a) when she opposed and reported sexual harassment of a collegiate athlete.

129. Plaintiff also engaged in protected activity when she opposed UCFAA's failure to take corrective action against the male coaches.

130. Plaintiff also engaged in protected activity when she opposed the refusal to hire a qualified female candidate for an open position.

131. UCFAA retaliated against Plaintiff by admonishing her, ordering her not to raise such concerns, and firing her.

132. But for her protected activity, UCFAA would not have fired Plaintiff.

133. As a result, Plaintiff suffered lost employment, wages, and benefits, emotional pain and suffering, humiliation, and damage to her reputation.

WHEREFORE, Plaintiff requests judgment against UCFAA for reinstatement or front pay, back pay, compensatory damages, prejudgment and post-judgment interest, reasonable attorneys' fees and costs under 42 U.S.C. § 2000e-5(k), and any other relief the Court deems just.

**COUNT VI: TITLE VII (RETALIATION)**
**DEFENDANT UCF**

134. Plaintiff re-alleges and incorporates by reference, paragraphs 1-3, 6-10, 14-15, 21, 23-47, 49-54, 56-82, 85, 87-92, and 100-110.

135. Plaintiff engaged in activity protected by 42 U.S.C. § 2000e-3(a), including by reporting sexual harassment to UCF's OIE and opposing discrimination.

136. Plaintiff also engaged in protected activity by opposing the failure to hire a qualified female applicant.

137. UCF retaliated against Plaintiff by terminating her employment.

138. But for her opposition to discrimination, Defendant would not have fired Plaintiff.

139. As a result, Plaintiff suffered lost employment, wages, and benefits, emotional pain and suffering, humiliation, and damage to her reputation.

WHEREFORE, Plaintiff requests judgment against UCF for reinstatement or front pay, back pay, compensatory damages, prejudgment and post-judgment interest, reasonable attorneys' fees and costs under 42 U.S.C. § 2000e-5(k), and any other relief the Court deems just.

**COUNT VII: TITLE IX (RETALIATION)**
**DEFENDANT UCFAA**

140. Plaintiff re-alleges and incorporates by reference, paragraphs 1-4, 6-13, 18, 39-43, 48-49, 55-56, 61-70, 77-84, 88-89, and 91-92.

141. UCFAA operated an education program or activity receiving federal financial assistance and was subject to Title IX.

142. Plaintiff engaged in activity protected by Title IX by reporting and opposing sex discrimination and sexual harassment of a female collegiate athlete.

143. UCFAA retaliated against Plaintiff by firing her.

144. As a result of her termination, Plaintiff suffered damages, including lost wages and benefits.

WHEREFORE, Plaintiff requests judgment against UCFAA for reinstatement or front pay, back pay, prejudgment and post-judgment interest, reasonable attorneys' fees and costs under 42 U.S.C. § 1988, and any other relief the Court deems just.

**COUNT VIII: TITLE IX (RETALIATION)**
**DEFENDANT UCF**

145. Plaintiff re-alleges and incorporates by reference, paragraphs 1-3, 6-10, 14-17, 23-47, 49-70, 77-84, and 88-92.

146. UCF operated an education program or activity receiving federal financial assistance and was subject to Title IX.

147. Plaintiff engaged in activity protected by Title IX by reporting sex discrimination and sexual harassment of a female collegiate athlete through UCF's Title IX reporting system.

148. Plaintiff also engaged in protected activity by opposing UCF's failure to address that harassment.

149. UCF retaliated against Plaintiff by terminating her.

150. As a result, Plaintiff suffered damages, including lost wages and benefits.

WHEREFORE, Plaintiff requests judgment against UCF for reinstatement or front pay, back pay, post-judgment interest, reasonable attorneys' fees and costs under 42 U.S.C. § 1988, and any other relief the Court deems just.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, MARY VANDER HEIDEN, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, UCF ATHLETIC ASSOCIATION, INC. and THE UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES, and grant the following relief:

A. Declaratory judgment that Defendant UCFAA's actions complained of herein violated Plaintiff's rights under Title IX of the Education Amendments of 1972;

B. Declaratory judgment that Defendant UCF's actions complained of herein violated Plaintiff's rights under Title IX of the Education Amendments of 1972;

C. Declaratory judgment that Defendant UCFAA's actions complained of herein violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964;

D. Declaratory judgment that Defendant UCF's actions complained of herein violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964;

E. Declaratory judgment that Defendant UCFAA's actions complained of herein violated Plaintiff's rights under the Equal Pay Act;

F. Declaratory judgment that Defendant UCF's actions complained of herein violated Plaintiff's rights under the Equal Pay Act;

G. Award unpaid wages, back pay and all other benefits of employment Plaintiff would have received but for Defendant UCFAA's unlawful conduct;

H. Award unpaid wages, back pay and all other benefits of employment Plaintiff would have received but for Defendant UCF's unlawful conduct;

I. Award compensatory damages for humiliation, embarrassment, indignity and harm to Plaintiff's professional and personal reputation, in an amount to be determined at trial under Title VII;

J. Award liquidated damages under the EPA;

K. Award of pre and post judgment interest;

L. Award a tax gross up;

M. Award of Plaintiff's reasonable attorneys' fees and costs of this action, pursuant to 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988, and other applicable law; and

N. Award any other relief as this Honorable Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable.

Dated: November 10, 2026

Respectfully submitted,

/s/ Adria Lynn Silva
Adria Lynn Silva, Lead Counsel
Florida Bar No. 0137431

**Sass, Everhart & Silva, P.A.**
601 West Dr. Martin Luther King, Jr.
Boulevard
Tampa, Florida 33603
Tel: (813) 251-5599
Fax: (813) 259-9797
Primary: asilva@sasslawfirm.com
Secondary: sgreinke@sasslawfirm.com
Secondary: reception@sasslawfirm.com
*Attorney for Plaintiff*